UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

DAVID CANGELOSI                                                CIVIL ACTION

VERSUS

MICHAEL W. MITCHELL, ET AL.                  NO.: 3:09-cv-00970-BAJ-SCR

RULING, ORDER AND JUDGMENT

Before the Court is intervenor Plaintiff Wayne Marchand's motion styled **MOTION TO TAX COSTS AND LEGAL INTEREST (Doc. 62),** requesting that "the Court tax costs and legal interest" against intervenor Defendants in the underlying matter, (*id.* at p. 1). The Motion is unopposed. Oral argument is not necessary.

I. DISCUSSION

*a. Request for costs*

"A district court has discretion to adopt local rules. Those rules have the force of law." *Hollingsworth v. Perry*, 558 U.S. 183, 191 (2010) (quotation marks and citations omitted). This Court's Local Rules provide:

> Within 30 days after receiving notice of entry of judgment, unless otherwise ordered by the court, the party in whose favor judgment is rendered and who claims and is allowed costs, shall serve on the attorney for the adverse party and file with the clerk a notice of application to have the costs taxed, together with a memorandum signed by the attorney of record stating that the items are correct and that the costs have been necessarily incurred.

M.D. La. LR54.3.

In this case, the Court entered judgment in the amount of $250,000.00 in favor of Plaintiff and against Defendants on February 22, 2013. (Doc. 61). However, Plaintiff did not file the instant motion until July 9, 2013, well beyond the 30-day window provided by LR54.3. Plaintiff also did not request an extension beyond 30 days, and has not shown that such an extension was "otherwise ordered." M.D. La. LR54.3. Accordingly, Plaintiff's request for costs will be denied.

### b. *Request for interest on the judgment*

Next, Plaintiff requests that the Court enter a revised judgment assessing pre- and post-judgment interest against Defendants. (Doc. 62 at pp. 1-2).

Federal Rule of Civil Procedure ("Rule") 60 provides: "On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for [various] reasons," including "mistake" and "inadvertence." Fed. R. Civ. P. 60(b)(1). Regarding Rule 60(b)(1), the U.S. Fifth Circuit Court of Appeals has explained:

> Rule 60(b)(1) . . . allow[s] relief from final judgments on account of "mistake," and, in this circuit, the rule may be invoked for the correction of judicial error, but only to rectify an obvious error of law, apparent on the record. Thus, it may be employed when the judgment obviously conflicts with a clear statutory mandate or when the judicial error involves a fundamental misconception of the law.

*Hill v. McDermott, Inc.*, 827 F.2d 1040, 1043 (5th Cir. 1987).

Here, as stated, the Court entered judgment in the amount $250,000.00 in favor of Plaintiff and against Defendants. (Doc. 61). The Court did not, however, assess interest on that amount, despite the applicability of Louisiana law to this

2

action. Louisiana law provides: "Legal interest shall attach from date of judicial demand, on all judgments, sounding in damages, 'ex delicto', which may be rendered by any of the courts." La. R.S. Ann. § 13:4203. Accordingly, this Court's prior "judgment obviously conflicts with a clear statutory mandate," *Hill*, 827 F.2d at 1043, and Plaintiff is entitled to the relief he seeks under Rule 60(b)(1).

The inquiry does not stop there, however, because the Court must also determine what interest rate to apply to the judgment. The U.S. Fifth Circuit has instructed that when an action based upon state substantive law proceeds in federal court and state law provides for prejudgment interest, judicial interest at the state rate is properly awarded from the date of judicial demand until the date of entry of judgment. *Bartholomew v. CNG Producing Company*, 832 F.2d 326, 330 (5th Cir. 1987). Postjudgment interest, however, is governed by federal statute, 28 U.S.C. § 1961, which provides: "interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding[] the date of the judgment." 28 U.S.C. § 1961(a); *see Bartholomew*, 832 F.2d at 330. Accordingly, Plaintiff is entitled to judicial interest from October 9, 2009—the date of initial judicial demand, (Doc. 1-2 at p. 6)—until February 22, 2013—the date this Court entered judgment, (Doc. 61)—at the Louisiana rate, and then from February 22, 2013 until paid at the federal rate.

3

## II. CONCLUSION

Accordingly,

**IT IS ORDERED** that Plaintiffs' **MOTION (Doc. 62)** is **DENIED in PART and GRANTED in PART.** Specifically,

**IT IS ORDERED** that Plaintiffs' **MOTION (Doc. 62)** is **DENIED** to the extent that it seeks assessment of costs against Defendants, (*id.* at pp. 1–2).

**IT IS FURTHER ORDERED** that Plaintiffs' **MOTION (Doc. 62)** is **GRANTED** to the extent that it seeks interest on the judgment against Defendants, (*id.* at pp. 1–2).

**IT IS FURTHER ORDERED** that **REVISED JUDGMENT SHALL BE ENTERED** in favor of intervenor Plaintiff, and against intervenor Defendants in accordance with the following:

**IT IS ORDERED, ADJUDGED, AND DECREED** that judgment is entered in favor of intervenor plaintiff, Wayne Marchand and against intervenor defendants, Michael W. Mitchell, Cheetah Transportation, LLC, and Ace American Insurance Agency, in the amount of $250,000.00, *plus* judicial interest at the Louisiana state judicial interest rate from October 9, 2009 through February 22, 2013, *plus* judicial interest at the federal judicial interest rate from February 22,

4

2013, until paid. This action is hereby **DISMISSED**.

Baton Rouge, Louisiana, this 28th day of January, 2014.

_____
**BRIAN A. JACKSON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

5